UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROUVELLES LUXLUCET FINNICCI,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-2611-MLP

ORDER TO SHOW CAUSE

Plaintiff, proceeding *pro se*, has applied to proceed *in forma pauperis* (“IFP”) in this action. (Dkt. # 1.) Plaintiff left most portions of the application blank, but indicates that they are not employed, not married, have no valuable assets, and have no dependents. (*Id.* at 1-2.) Although the writing is not entirely legible, Plaintiff also appears to state that they are disabled. (*Id.* at 2.)

A district court may permit an indigent litigant to proceed IFP upon submission of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). “To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous.” *Ogunsalu v. Nair*, 117 F. App’x 522, 523 (9th Cir. 2004), cert. denied, 544 U.S. 1051 (2005).

To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's application omits information necessary for the Court to determine their ability to pay the filing fee and other court costs. Specifically, Plaintiff does not state whether they have received money from any other sources, does not provide the balances of any cash, checking, or savings accounts, does not identify monthly expenses, and does not provide a legible or clear explanation as to why they cannot pay court fees and costs. (Dkt. # 1 at 1-2.) On this record, Plaintiff has not demonstrated that they are entitled to proceed IFP.

The Court also cannot determine whether Plaintiff's claims against the Social Security Administration ("SSA") are nonfrivolous. A claimant may obtain judicial review of an SSA decision in district court only after a "final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see Brewes v. Comm'r Soc. Sec.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (district courts lack jurisdiction to review non-final SSA actions). A "final decision" exists only when the agency has completed its administrative review process in the matter presented for judicial review. 42 U.S.C. § 405(g).

Here, the proposed complaint contains only a few sentences describing Plaintiff's claim, most of which are illegible. (*See* dkt. # 1-1 at 2.) As a result, Plaintiff has not provided "a short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a)(1), nor have they submitted documentation of the Commissioner's final decision as required by § 405(g).

Unless it is clear that the defect cannot be cured by amendment, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend before dismissal. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, the Court ORDERS as follows:

(1) By **August 7, 2026**, Plaintiff shall show cause why the IFP application should not be denied. In the alternative, by that date Plaintiff may file an amended IFP application that fully and legibly responds to all questions and provides the missing financial information.

(2) Plaintiff is granted leave to file a proposed amended complaint by **August 7, 2026**, that contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's failure to file a timely amended complaint will result in a recommendation that this action be dismissed without prejudice and without further notice.

Dated this 28th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge