UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROUVELLES LUXLUCET FINNICCI,

Petitioner,

v.

COMMISSIONER OF SOCIAL SECURITY,

Respondent.

CASE NO. 2:26-cv-02611-TL

ORDER OF DISMISSAL WITH LEAVE TO REFILE

This matter is before the Court on its own motion.

Plaintiff brings this action as a Pro Se Complaint for Social Security Disability Benefits using the template form provided by this District for litigants seeking to appeal a denial of benefits by the Commissioner of the Social Security Administration. Section 405(g) of Title 42 of the United States Code allows "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, [to] obtain a review of such decision by a civil action commenced within sixty days

after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

On August 26, 2026, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff leave to proceed *In Forma Pauperis* ("IFP") in this action. Dkt. No. 7. Plaintiff's Complaint was posted to the docket the same day. Dkt. No. 8.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if an IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . ."). "Complaints in social security cases are not exempt from this screening requirement." *Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1195 (N.D. Cal. 2023). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. C14-367, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). In the context of a Social Security appeal, courts apply Rule 2(b)(1) of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), to determine whether a plaintiff's complaint sufficiently states a claim for relief so as to survive screening under § 1915(e)(2)(B)(ii). *Giselle N.*, 694 F. Supp. 3d at 1197.

Under Supplemental Rule 2(b)(1), complaint for judicial review under Section 405(g) must, among other requirements, "state the type of benefits claimed," Rule 2(b)(1)(E), and "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision," Rule 2(b)(1)(B). The present Complaint does not satisfy

these requirements. As best the Court can interpret the handwritten statement of claim, this action appears to be a:

> request for federal court intervention in [a] Hale case due to administrative errors, misinformation to appl./breakdown in protective protocols to issue a federal court remand resulting in dangerous administrative failure due to dangerous administrative errors directly caused danger to life, prejudice misinterpreting familiar safety parameters directly compromised a family['s] security and disabled persons[.]

Dkt. No. 8 at 2. This summary does not "identify the final decision being reviewed," and it is not clear from the Complaint or anything else in the record that Plaintiff seeks to challenge any "final decision of the Commissioner of Social Security made after a hearing to which [she] was a party." Considered together with various miscellaneous filings Plaintiff has made in this matter, the statement of claim above suggests that Plaintiff intends to challenge not a benefit denial by the Social Security Administration, but rather policies, actions, and/or inactions connected with so-called "HALE" (Harassment, Abuse, or Life Endangerment) procedures, which allow victims of extreme domestic violence, stalking, or life endangerment to obtain new Social Security Numbers to protect their safety. Indeed, in a Supplement filed in support of her Motion for Leave to Proceed IFP, Petitioner appears to state, "this complaint has nothing to do with decisions with Social security benefit denial[;] it has to do with a policy under the Hale act that is under the Social Security Administration." Dkt. No. 4 at 63, 24.[1]

For these reasons, the Court must dismiss the current complaint for failure to state a claim. However, the Court will provide Plaintiff an opportunity to amend her complaint.

[1] The sentence quoted here appears across two different pages that were separated in the filing but that the Court interprets as being part of a five-page statement sequentially comprising pages 23, 63, 24, 61, and 62 of Plaintiff's Supplement (Dkt. No. 4). Specifically, "this complaint has nothing to do with decisions with Social security" appears at the bottom of page 63, and "benefit denial it has to do with a policy under the Hale act that is under the Social Security Administration" appears at the top of page 24.

Additionally, the Court denies the pending Motion to Appoint Counsel (Dkt. No. 51), as it does not appear likely at this time that Plaintiff can prevail in this action. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (a court may only request appointed counsel for a civil litigant upon consideration of factors including "the likelihood of success on the merits" (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983))). If Plaintiff succeeds in filing an amended complaint that states a claim for relief, the Court will consider a renewed motion to appoint counsel at such time.

Finally, the Court acknowledges that Plaintiff has filed an appeal with the Ninth Circuit Court of Appeals challenging the Court's earlier Minute Order (Dkt. No. 49) that struck a number of Plaintiff's filings as improper. Although a Circuit Court appeal would, in some cases, strip this court of jurisdiction over the underlying matter, the Court finds it retains jurisdiction over this case in full as its Minute Order is a non-appealable interlocutory order. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (The "transfer of jurisdiction from the district court to the court of appeals is not effected . . . if a litigant files a notice of appeal from an unappealable order.").

Accordingly, the Complaint (Dkt. No. 8) is DISMISSED WITH LEAVE TO REFILE. It is further ORDERED:

(1) Plaintiff may file an amended complaint, on or before **November 16, 2026**, that states a claim for relief by containing all the elements required by Rule 2(b)(1) of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

(2) If Plaintiff's intention is to bring a different type of claim against Defendant rather than a claim appealing a denial of benefits, Plaintiff may file a notice of dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and file a new case with the intended claim. Template complaints for other types of claims can be found at https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

(3) If Plaintiff does not file a proper amended complaint or a notice of dismissal by **November 16, 2026**, this action will be dismissed in its entirety.

(4) Plaintiff's pending Motion to Appoint Counsel (Dkt. No. 59) is DENIED WITHOUT PREJUDICE.

(5) As Plaintiff appears to be experiencing temporary difficulties with electronic filing (*see* Dkt. No. 61 (Letter) at 1), the Clerk of Court is DIRECTED to provide Plaintiff with a copy of this Order via First Class mail.

Dated this 15th day of October, 2026.

Tana Lin
United States District Judge