UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROUVELLES LUXLUCET FINNICCI,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Respondent. | CASE NO. 2:26-cv-02611-TL<br><br>ORDER ON MOTION FOR RECUSAL |

This matter is before the Court on Plaintiff Rouvelles Finnicci's request for a replacement judge (Dkt. No. 70). The Court interprets the request as a motion to recuse the undersigned judge. Having reviewed the motion and the relevant record, the Court DENIES the motion.

A party may file a motion seeking the recusal of a judge if the party believes the judge has a personal bias or prejudice against them or in favor of an adverse party. 28 U.S.C. § 144. When making such a motion, a party must file an affidavit that states " the facts and the reasons for the belief that bias or prejudice exists." *Id.* "Such bias must derive from an extrajudicial

source.” *Nelson v. Wash. Bd. of Indus. Appeals*, No. C25-5551, 2025 WL 1888125, at *1 (W.D. Wash. June 30, 2025) (citing *Agha-Khan v. Mortg. Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 504564, at *1 (9th Cir. Feb. 18, 2022)). An extrajudicial source is a source outside of the judicial proceedings at hand. *Liteky v. United States*, 510 U.S. 540, 555 (1994). And “[a]bsent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are . . . unsupported beliefs and assumptions.” *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985). Once a party has made a timely and sufficient showing that a district court judge has a bias or prejudice “against [them] or in favor of any adverse party,” the case must be reassigned. 28 U.S.C. § 144. In close cases, “the balance tips in favor of recusal.” *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). Under this District’s Local Civil Rules, if a judge challenged under 28 U.S.C. §§ 144 or 455 declines to voluntarily recuse herself from a case, “she will direct the clerk to refer the motion to the chief judge, or the chief judge’s designee.” LCR 3(f).

Plaintiff’s writes a single sentence in support of her request: ““Request to for replacement judge and safety United States District Court in Tacoma.” Dkt. No. 70 at 1. This does not meet the requirements for recusal as there is no way for the undersigned to assess what facts and reasons Plaintiff may have for her request. As such, the Court DENIES Plaintiff’s motion for recusal (Dkt. No. 70). The Court further DIRECTS the Clerk of Court to refer this matter to the Honorable David G. Estudillo, Chief Judge of the Western District of Washington, as required by Local Civil Rule 3(f).

Dated this 3rd day of November, 2026.

Tana Lin
United States District Judg