UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROUVELLES LUXLUCET FINNICCI,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 2:26-cv-02611-TL<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 72) |

This matter comes before the Court on the Honorable Tana Lin's denial (Dkt. No. 72) of Plaintiff's motion seeking her recusal (Dkt. No. 70). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Lin's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff's motion consists of one sentence: "Request to for replacement judge and safety United States District Court in Tacoma." (Dkt. No. 70 at 1.) Plaintiff does not explain why she is seeking Judge Lin's recusal, and has submitted no evidence or argument concerning any alleged bias on Judge Lin's part. The Court finds no evidence that would lead a reasonable person to question Judge Lin's impartiality. Accordingly, the Court AFFIRMS Judge Lin's denial (Dkt. No. 72) of Plaintiff's motion for recusal (Dkt. No. 70).

Dated this 4th day of November, 2026.

David G. Estudillo
United States District Judge