UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROUVELLES LUXLUCET FINNICCI,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Respondent. | CASE NO. 2:26-cv-02611-TL<br><br>ORDER ON MOTION FOR CLARIFICATION |

This matter is before the Court on Plaintiff's "request for clarification" (Dkt. No. 69) which the Court construes as a Motion for Clarification.

The handwritten motion reads in full: "Request for clarification from the previous 2 resubmittals of complaints w/ relief of what needs to be changed or listed Both the complaint and requested relief is listed in the latest most recent submitted complaint upon request w/ relief and redactions requested[.]" Dkt. No. 69 at 1. Attached are 42 pages of attachments including photos, blank subpoena forms, and artificial-intelligence-generated summaries of this and other cases.

On October 5, 2026, the Clerk issued a notice of filing deficiency instructing Plaintiff to refile her complaint with appropriate redactions of personal identifying information including Social Security Numbers. Dkt. No. 57. On October 15, 2026, the Court dismissed the complaint with leave to refile for failure to state ac claim. *See generally* Dkt. No. 63 (Order of Dismissal with Leave to Refile). On October 19, 2026, Plaintiff refiled her complaint with appropriate redactions. Dkt. No. 63. This new filing, which was docketed as an Amended Complaint, solved the redaction problem, but did not address the problems with the original complaint that had been explained in the Order of Dismissal. The Amended Complaint was therefore dismissed by the Court for the reasons already explained in the previous Order of Dismissal. Dkt. No. 64 (Minute Order).

Plaintiff has not identified any ambiguity in the Court's Order of Dismissal, and it is not clear from the Motion what clarification is needed or even whether Plaintiff has read the Order of Dismissal at all. To the extent that Plaintiff seeks procedural clarification of how her previous complaints were dismissed and which deficiencies in her complaint remain unresolved, the Motion is granted and the Court clarifies as follows: although Plaintiff has complied with the Notice of Deficiency (Dkt. No. 57) by filing a redacted complaint, she has not fixed the problems identified in the Order of Dismissal with Leave to Refile (Dkt. No. 63). As explained in the Order of Dismissal, the complaint "does not satisfy the[] requirements" of Rule 2(b)(1) of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) because it "does not 'identify the final decision being reviewed,' and it is not clear from the complaint or anything else in the record that Plaintiff seeks to challenge any 'final decision of the Commissioner of Social Security made after a hearing to which [she] was a party,'" which is the very nature of a Social Security action brought under 42 U.S.C. § 405(g). Dkt. No. 62 at 2–3.

If Plaintiff intended the 42 pages of attachments to her request for clarification to supplement her amended complaint, that is inappropriate. A social security complaint must "state," "identify," and "name" the specific facts listed in Rule 2(b)(1) of the Supplemental Rules for Social Security Actions, and may also include, pursuant to Rule 2(b)(2) "a *short and plain* statement of the grounds for relief." (Emphasis added.)

To the extent to which Plaintiff seeks further clarification of the substance of the Order of Dismissal with Leave to Refile, the Motion is denied. The Order of Dismissal was not ambiguous, and to provide further instruction to Plaintiff as to how she might remedy her complaint would be to veer into the arena of providing legal advice, which the Court is not permitted to do. The Court will simply encourage Plaintiff to carefully reread the Order of Dismissal, look up and read the legal rules it discusses, and file a new complaint by the deadline (November 16, 2026) that contains all the necessary elements of a Social Security complaint.

Accordingly, it is hereby ORDERED:

(1) The Motion for Clarification is GRANTED IN PART AND DENIED IN PART. It is GRANTED to the extent that Plaintiff seeks procedural clarification of the dismissal of her previous complaints. This Order provides that clarification. The Motion is DENIED to the extent that Plaintiff seeks substantive clarification of the Order of Dismissal with Leave to Refile.

(2) The exhibits attached to the motion (Dkt. No. 69-1) are STRICKEN for the same reasons explained in the Court's previous Minute Order (Dkt. No. 49). Plaintiff is reminded that documentary evidence outside the administrative record is unnecessary at this stage of a Social Security appeal. *See id.*

Dated this 3rd day of November, 2026.

Tana Lin
United States District Judge