UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROUVELLES LUXLUCET FINNICCI,<br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | CASE NO. 2:26-cv-02611-TL<br><br>ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) |

This matter is before the Court on its own motion. For the reasons given herein and in the Court's previous Order of Dismissal (Dkt. No. 62), the Court DISMISSES the Second Amended Complaint without leave to refile.

Plaintiff, proceeding pro se, brought this action using the template form provided by this District for litigants seeking to appeal a denial of benefits by the Commissioner of the Social Security Administration. *See* Dkt. No. 8 (Complaint). As the Court previously explained, however, the original complaint did not sufficiently state a claim for relief according to Rule 2(b)(1) of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), which

provides the necessary elements for a Social Security appeal. Dkt. No. 62 at 2. In fact, the Court noted that Plaintiff appeared to intend not to challenge a final decision by the Commissioner of the Social Security Administration, "but rather policies, actions, and/or inactions connected with so-called 'HALE' (Harassment, Abuse, or Life Endangerment) procedures, which allow victims of extreme domestic violence, stalking, or life endangerment to obtain new Social Security Numbers to protect their safety." *Id.* at 3. Plaintiff even appeared to have stated, "this complaint has nothing to do with decisions with Social security benefit denial[;] it has to do with a policy under the Hale act that is under the Social Security Administration." *Id.* (quoting Dkt. No. 4 at 63, 24).

The Court dismissed the original complaint for failure to state a claim, but granted Plaintiff until November 16, 2026, to file an amended complaint that properly stated a claim as a Social Security appeal. *Id.* at 4. Plaintiff was also advised:

> If Plaintiff's intention is to bring a different type of claim against Defendant rather than a claim appealing a denial of benefits, Plaintiff may file a notice of dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and file a new case with the intended claim. Template complaints for other types of claims can be found at https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

*Id.*

On October 19, 2026, Plaintiff filed a document that was docketed as an Amended Complaint (Dkt. No. 63), but which may have been intended as a redacted version of the original complaint, which the Clerk of Court had instructed Plaintiff to file (*see* Dkt. No. 57 (Notice of Filing Deficiency)). To the extent this document was intended as an amended complaint, the Court dismissed it because it did not remedy the deficiencies identified in the Order of Dismissal. *See* Dkt. No. 64 (Minute Order). On November 13, 2026, Plaintiff filed two copies of a Motion to Request Extension (Dkt. Nos. 75, 76), which appeared to ask for more time to file a second

amended complaint.[1] On November 16, 2026, Plaintiff filed a document titled "Amended complaint with submission to previously supportive evidence safety [*sic*] medical files," which the Court will refer to as the "Second Amended Complaint" or "SAC." Dkt. No. 78.

Upon review of the SAC, it is clear that it does not remedy the deficiencies the Court previously identified. Most importantly, the SAC makes no mention of an administrative appeal of a denial of social security benefits, which is a prerequisite for a Social Security Appeal. *See* 42 U.S.C. § 405(g). The Court incorporates here by reference its analysis in the previous Order of Dismissal. *See generally* Dkt. No. 63. It is evident that Plaintiff has had immensely frustrating experiences at multiple offices of the Social Security Administration (*see* Dkt. No. 78 at 5) and wishes to challenge "Discrimination & mistreatment within agencies" (*id.* at 6). But because the actions and inactions Plaintiff wishes to challenge are not final decisions of the Commissioner of Social Security, they cannot be addressed in this kind of case. Therefore, Plaintiff's Social Security appeal will be dismissed.

Plaintiff is again reminded that she is welcome to file a new action against the appropriate defendant(s) for any violation of law over which this Court has jurisdiction.

Accordingly, it is hereby ORDERED:

(1) The Second Amended Complaint (Dkt. No. 78) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons given herein and in the previous Order of Dismissal (Dkt. No. 62). This dismissal is without prejudice and without leave to amend. Judgment will be entered separately in accordance with this Order.

(2) Petitioner's Motion to Request Extension (Dkt. No. 75) is DENIED AS MOOT because the SAC was filed by the deadline set by the Court.

(3) Petitioner's Motion to Request Extension at Docket No. 76 is STRICKEN as a duplicate filing.

---

[1] The motions at Docket Nos. 75 and 76 appear to be identical except for the presence of page 10 of Docket No. 75, which is absent from the other filing.

(4) The Clerk of Court is DIRECTED to place the filings at Docket Nos. 4, 75, and 76 under seal as containing personal identifying information ("PII"), including Social Security numbers. These filings have not been relied on by the Court in any way, except for pages 18–19 of Docket No. 4, which were relied on by the Honorable Michelle L. Petersen, United States Magistrate Judge, in granting Plaintiff leave to proceed *in forma pauperis*. *See* Dkt. No. 7 (Order granting Application to Proceed *In Forma Pauperis*) at 1. The Clerk is further DIRECTED to repost only pages 18–19 of the filing at Docket No. 4 to the docket as "Amended Application to Proceed *in forma pauperis*" for the public record.

(5) Plaintiff is REMINDED that this dismissal does not prevent her from bringing a civil action as appropriate to redress any violation of law related to the grievances she describes in the SAC and other filings. Template complaints for various types of claims can be found at https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

Dated this 20th day of November, 2026.

Tana Lin
United States District Judge